# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JERRY E. HARTSOE, JR., *et al.*,    )
    )
        **Plaintiffs,**    )
      v.    )
    )
THE FEDERAL RESERVE, *et al.*,    )   Civil Case No. 10-00006 (RJL)
    )
        **Defendants.**    )
    )
    )

## MEMORANDUM ORDER
### (April 16, 2010) [#5]

Plaintiffs, Jerry E. Hartsoe, Jr., Chappell Dew, Jose Correa, and Charles C. Miller, brought this action against defendants, the Federal Reserve and its twelve district presidents, claiming to be "relators" for the people of the State of South Carolina. The plaintiffs appear to seek an audit, to be published on the internet, to disclose the "complete mechanisms applied to use and application of our equity wherein the values created from said equity the benefits of said equity are fully and completely disclosed"; a protective order to give each plaintiff immunity from "process issued by any agency of the United States which operates off and from the private money system administered by the defendants"; and an injunction against all foreclosures in the United States. (Compl. 12-13.) Presently before the Court is defendants' Motion to Dismiss for lack of personal jurisdiction, failure to state a claim upon which relief may be granted, and lack of subject

matter jurisdiction. For the following reasons, the Court GRANTS defendants' Motion to Dismiss.

Local Rule of Civil Procedure 7(b) provides that an opposing party has 14 days to file a memorandum in opposition to a motion and if such party fails to do so, the court may treat the motion as conceded. LCvR 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's . . . motion, the court treats the motion as conceded and grants the motion." *Id.* (citations omitted). Whether to treat a motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary; and our Circuit Court has noted that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

In light of the fact that plaintiffs failed to file any opposition to defendants' Motion to Dismiss, even when the Court issued an Order requiring the plaintiff to do so or face the consequences of the motions being treated as conceded, (*see* Dkt. # 9), the Court will treat these motions as conceded. LCvR 7(b). Therefore, in light of the plaintiff's concession and based on a review of the pleadings, the relevant law cited therein, and the record, it is hereby

**ORDERED** that [#5] defendants' Motion to Dismiss is GRANTED; and it is further

**ORDERED** that judgment is entered in favor of defendants and the Complaint is dismissed with prejudice.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge